WILLIAM EDESON v. THE STATE.

No. 13709. Delivered November 19, 1930.
Reported in 32 S. W. (2d) 833.

The opinion states the case.

*J. W. Ellington* of Center, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The State's Attorney with this court has filed a brief in which he confesses the insufficiency of the testimony to support the judgment of conviction. We have nevertheless carefully examined the facts and are of opinion that the conclusion reached by said State's Attorney is sound.

The house alleged to have been broken and entered was shown to have been in fact burglarized, and the same is true apparently of a number of houses in the same town at or about the same time. No witness testified to seeing appellant in or around the house, or that he was connected with any of said burglaries, nor was he ever seen in possession of or connected with the possession of any of the alleged stolen property. The fact that he may have been seen at some time or place with one of the parties supposed to have been implicated in the burglary, and that he may have discussed with one or two other parties the proposition of selling them goods similar to those taken from the alleged burglarized house, might be suspicious circumstances, but we do not think same cogent enough to justify the conclusion in a case of circumstantial evidence that appellant either alone or acting with other persons was engaged in the burglary. Apparently the day after the burglaries a considerable quantity of goods taken from said burglarized stores were found in the woods covered with leaves and branches of trees, etc. The officers secreted themselves and watched the goods and were rewarded by seeing four men coming to the place apparently for the purpose of removing said goods. Appellant was not one of these four men. It would appear reasonably probable that one or all of these men who came to the place where the goods were secreted for the purpose apparently of taking them into their possession,—were those who committed the burglary. In a case of circumstantial evidence the law requires the test of exclusion, and that the jury believe beyond a reasonable doubt that the burglary was not committed solely by other people, but that it must have been committed by the appellant.

Because we believe the testimony insufficient, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.